IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| JESUS GONZALES, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 07-5123-CV-SW-ODS |
| ) | Crim. No. 06-05015-01-CR-SW-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

<u>ORDER AND OPINION DENYING MOTION FOR POSTCONVICTION RELIEF
PURSUANT TO 28 U.S.C. § 2255 AND DENYING CERTIFICATE OF APPEALABILITY</u>

Pending is Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. The motion is denied.

<u>I. BACKGROUND</u>

In March 2006, Movant was charged with three drug-related crimes. Pursuant to a Plea Agreement, on May 17, 2006 he plead guilty to one count of possessing more than fifty grams of methamphetamine with the intent to distribute. The Government filed a motion for acceptance of responsibility, and Movant was sentenced to 120 months imprisonment. He now alleges his attorney provided ineffective assistance in his handling of Movant's effort to qualify for "safety valve" relief. The Plea Agreement recognized that Movant "may be eligible for a two-level decrease, pursuant to" the safety valve provisions of the Sentencing Guidelines[1] and that whether he was eligible would "be decided by the Court and the United States Probation Office." Plea Agreement, ¶10(g).

---

[1]The Plea Agreement referenced section 2D1.1(b)(6) of the guidelines, which imposes a two level increase for offenses involving distribution of anabolic steroids and masking agents. Clearly, this was a typographical error; the correct reference should have been to section 2D1.1(b)(9). This error did not affect Movant's sentence or any other of his rights.

Section 2D1.1(b)(9) cross-references section 5C1.2, which establishes five requirements for the two level reduction. The first requirement is that the defendant "not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of § 4A1.3 (Departures Based on Inadequacy of Criminal History Category)." The Probation Office determined Movant had five criminal history points, making him ineligible for the two-level reduction. He now contends his attorney provided ineffective assistance by failing to register legitimate objections to the calculation of his criminal history score.

## II. DISCUSSION

### A. Waiver

The Government argues Movant waived the right to assert this claim of ineffective assistance of counsel. In Paragraph 15(a) of the Plea Agreement, Movant "waive[d] his right to appeal or collaterally attack a finding of guilt following acceptance of this plea agreement." Paragraph 15(b) declares Movant "waives his right to appeal his sentence, directly or collaterally," with certain exceptions then noted. Movant is not collaterally attacking a finding of guilt, nor is he collaterally attacking his sentence: Movant is collaterally attacking the effectiveness of his attorney. This claim does not become a collateral attack on the sentence just because the claimed ineffectiveness involved the sentencing proceeding. Therefore, the Court concludes Movant did not waive the right to assert his claim.

### B. Merits of the Claim

#### *1. Standard*

A claim of ineffective assistance of counsel is governed by the standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). "This standard requires [the

applicant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995), cert. denied, 517 U.S. 1214 (1996) (quoting Lawrence v. Armontrout, 961 F.2d 113, 115 (8th Cir. 1992)). This analysis contains two components: a performance prong and a prejudice prong.

> Under the performance prong, the court must apply an objective standard and "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," Strickland, 466 U.S. at 690, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Id. at 689. Assuming the performance was deficient, the prejudice prong "requires proof 'that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.'" Lawrence, 961 F.2d at 115 (quoting Strickland, 466 U.S. at 694).

Id. Failure to satisfy both prongs is fatal to the claim. Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness"); see also DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000).

### 2. *Movant's Criminal History Score*

The Court will assume, for the sake of argument, that counsel's failure to object to the PSI violated Strickland's performance prong. Movant's claim must be rejected because he was not prejudiced.

In paragraph 37, the Presentence Investigation Report ("PSI") adds one point because Movant was convicted in 2003 of issuing an insufficient funds check and sentenced to one year of probation. Under the version of the Sentencing Guidelines used to sentence Movant (the 2005 version), this contributed one criminal history point.

3

U.S.S.G. § 4A1.2(c)(1). In arguing to the contrary, Movant relies on the 2007 Sentencing Guidelines, which is not the proper version to use in this case.

In November 2003, Movant was charged with driving while intoxicated, driving with a suspended license, and two other moving violations. He contends he plead to a reduced charge of driving with defective equipment, so no points should have been assessed. Movant is partially correct: the charge of driving with a suspended license was reduced to a charge of driving with defective equipment. Movant plead guilty to driving while intoxicated, and the other two charges were dismissed. The criminal history point imposed was proper.

In July 2005, Movant was again charged with driving while intoxicated. He contends his attorney, John Lewright, did not appear in court, and the uncounseled conviction should not have counted. It may be that John Lewright was unable to appear, but the Record shows Movant was represented by Dan Imhoff. Therefore, Movant was represented by counsel and this conviction adds another criminal history point.

Finally, two points were added because some of the relevant conduct occurred while Movant was serving the probation on the first DWI charge. See U.S.S.G. § 4A1.1, Application Note 4. Movant was on probation until November 16, 2005, and the relevant conduct for the instant crime included events in August and September of 2005. See Presentence Investigation Report, ¶¶ 10-13. This addition was proper.

## III. CERTIFICATE OF APPEALABILITY

In order to appeal, Movant must first obtain a Certificate of Appealability. The Court customarily issues an Order addressing the Certificate of Appealability contemporaneously with the order on the Motion for Postconviction Relief because the issues are fresh in the Court's mind and efficiency is promoted.

28 U.S.C. § 2253(c)(2) provides that a Certificate of Appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires Movant to demonstrate "that reasonable jurists could

4

Case 3:07-cv-05123-ODS   Document 6   Filed 06/23/08   Page 4 of 5

debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quotation omitted). When a Certificate of Appealability is denied, the court is required to "state why such a certificate should not issue." Fed. R. App. P. 22(b). In this case, Movant's arguments are demonstrably incorrect, and there is no justification for further proceedings.

## IV. CONCLUSION

Movant was not prejudiced by counsel's failure to object to the calculation of his criminal history score because there were no valid objections to be made. The request for postconviction relief is denied. Further proceedings are not warranted, so a Certificate of Appealability is denied.

IT IS SO ORDERED.

DATE: June 23, 2008

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

5